STATE OF NORTH CAROLINA v. ROY LEE HADDICK

No. 8512SC146

(Filed 3 September 1985)

1. **Robbery § 5.4— attempted armed robbery—no instruction on attempted common law robbery—no error**

   In a prosecution for attempted armed robbery and assault with a deadly weapon, the trial court did not err by refusing to instruct the jury on attempted common law robbery where defendant admitted on cross-examination that he intended to rob the store, intended to frighten the cashier with the shotgun, and that he pointed the shotgun in her direction. Defendant's contentions that he neither pointed the gun at the cashier's stomach nor intended to hurt anyone are immaterial.

2. **Criminal Law § 113.1— instruction on the evidence—inadvertent misstatement—no prejudicial error**

   In a prosecution for attempted armed robbery, the trial court's description of undisputed evidence that defendant fled the scene of the crime as a contention of the State was merely inadvertent.

APPEAL by defendant from *Johnson, E. Lynn, Judge*. Judgment entered 27 September 1984 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 26 August 1985.

Defendant was properly indicted for the offense of attempted armed robbery. At trial, the State and defendant presented evidence which may be summarized in pertinent part as follows:

On the evening of 13 April 1984, defendant pushed a filled grocery cart up to the checkout counter in a Fayetteville Winn-Dixie store. While his groceries were being bagged, defendant told the cashier that he was robbing the store and demanded that she give him money. He removed a loaded sawed-off shotgun from a bag in the shopping cart and pointed it in the direction of the cashier. The cashier testified that the defendant then repeated his demand, saying that this was a stick-up and that if she did not give him all her money, he would shoot. The defendant testified that he did point the gun in her direction, but that he did not threaten to shoot the gun. The cashier turned to get a key and defendant fled from the store. He hid in some bushes a short distance away where he was later found by police.

At trial, the court instructed the jury on attempted armed robbery and assault with a deadly weapon but refused defend-

ant's request to instruct on attempted common law robbery. With respect to defendant's flight, the court instructed the jury as follows:

> The State contends that the Defendant ran from the Winn-Dixie and hid in the bushes. Evidence of flight may be considered by you together with all other facts and circumstances in this case in determining whether the combined circumstances amount to an admission or show of consciousness of guilt. However, proof of this circumstance is not sufficient in itself to establish the Defendant's guilt.

The jury returned a verdict of guilty of attempted armed robbery and defendant was sentenced to fourteen years in prison. He appealed.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General David S. Crump, for the State.*

*Beaver, Thompson, Holt and Richardson, by William O. Richardson, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant's first contention that the trial court erred when it refused to instruct the jury on attempted common law robbery is without merit. We have carefully examined the record and the transcript and can find no evidence of the lesser included offense. Defendant admitted on cross-examination that he intended to rob the store and that he intended to frighten the cashier with the shotgun. He admitted also that he pointed the shotgun in her direction. The use of a weapon to frighten or intimidate a robbery victim is the main element of armed robbery. *State v. Clemmons*, 35 N.C. App. 192, 241 S.E. 2d 116, *disc. rev. denied*, 294 N.C. 737, 244 S.E. 2d 155 (1978). All of the evidence in this case points to defendant's intention to do exactly that. There is no contrary evidence and defendant's contentions that he neither pointed the gun at the cashier's stomach nor intended to hurt anyone are immaterial. We note further that the evidence was clearly sufficient to support the charge of attempted armed robbery. *See State v. Smith*, 300 N.C. 71, 265 S.E. 2d 164 (1980).

[2] Defendant's second contention that the court, in instructing the jury on the evidence of defendant's flight, committed preju-

dicial error when it phrased the instruction as a contention is likewise without merit. It is clear from the record that the court was merely reciting what the evidence from both sides indisputably showed; the court expressly refrained from stating the State's contention as to what this evidence meant. The court's description of the undisputed evidence that defendant fled the scene of the crime as a contention of the State was merely inadvertent, and did not give rise to an obligation to describe the defendant's contentions about the effects of his alcoholism on his consciousness of guilt. We do not believe that the jury was misled or that the defendant was prejudiced. The error was harmless. *See State v. Paige*, 272 N.C. 417, 158 S.E. 2d 522 (1968).

No error.

Chief Judge HEDRICK and Judge PARKER concur.